**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KATHRYN DAVIS, et al.,** | ) | Case No. 1:09 CV 625 |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **and** |
| **RODNEY STEVENSON, et al.,** | ) | **ORDER OF REMAND** |
| | ) | |
| Defendants. | ) | |

Pending before the Court are two motions:

(1) "Motion to Remand" filed by Plaintiff Kathryn Davis, as parent and next friend to Kendrail Davis (**ECF No. 5**), and

(2) "Motion of Defendant Cuyahoga Metropolitan Housing Authority (Mis-sued as sic 'Cleveland' Metropolitan Housing Authority) to Dismiss Plaintiffs' Complaint As To It" (hereafter, "Motion to Dismiss") (**ECF No. 6**).

For the following reasons, the Motion to Remand (ECF No. 5) is **GRANTED**. Because the Court concludes that it lacks subject matter jurisdiction over the case, the Motion to Dismiss (**ECF No. 6**) shall remain **PENDING**.

**I.**

In order to provide context for, and best understand, the above-captioned case, it is helpful to first discuss a nearly identical case recently removed to this district court and remanded by another district judge.

### A. Wade, et al. v. Stewart, et al., Case No. 1:09 CV 262 ("the *Wade* case")

On January 12, 2009, Plaintiff Lawrence Wade, as parent and next friend to Cindy A. Wade, filed a complaint in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV-09-508629. *ECF No. 1*-2 .[1] The complaint alleged that Cindy Wade suffered serious injuries as a result of exposure to lead-based paint while residing in an apartment Wade rented from Defendant William E. Stewart, owner of the premises. *Id*. The complaint alleged state-law claims against Stewart for negligence, negligence *per se*, breach of implied and express warranties and nuisance. *Id*. In addition to the claims against the defendant owner, the complaint alleged that, because the apartment was rented pursuant to the Section 8 program administered by Defendant Cuyahoga Metropolitan Housing Authority ("CMHA"), CMHA was also liable for damages. *Id*. As such, the complaint asserted a negligence claim against CMHA, premised on CMHA's violation of a duty it allegedly owed to Section 8 tenants under 42 U.S.C. § 4822 to inspect their rental properties for hazards resulting from lead-based paint and to ensure such hazards are eliminated. *Id*. The complaint also asserted a negligence *per se* claim against CMHA based on CMHA's violation of a duty it allegedly owed to Section 8 tenants under 42 U.S.C. §§ 4821 and 4822 to comply with all laws, etc. requiring or prohibiting certain conduct concerning the ownership or operation of their rental properties.[2] *Id*.

On February 4, 2009, CMHA removed the case to federal court under 28 U.S.C. § 1331 asserting that the Court had original jurisdiction over the state-law claims against CMHA because they presented a substantial federal question, and supplemental jurisdiction over the

---

[1] All citations to the record in this section refer to Case No. 1:09 CV 262.

[2] Wade also brought the negligence *per se* claim based on a violation of 42 U.S.C. § 4211 which, CMHA correctly asserted, has been repealed.

state-law claims against Stewart. *See ECF No. 1-3*. On February 11, 2009, CMHA filed a motion to dismiss, arguing, *inter alia*, that the negligence claims against CMHA should be dismissed because the Sixth Circuit has held that there is no private right of action based on the violation of 42 U.S.C. §§ 4821 and 4822. *See ECF No. 3*, at 4-6 (citing *Johnson v. City of Detroit*, 446 F.3d 614 (6th Cir. 2006)).

On March 9, 2009, Wade filed a motion to remand, *ECF No. 8*, arguing,

> A complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, . . . (1986) . . .. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. 478 U.S. at 812. The cause of action must contain a "substantial" federal issue. Id at 813-14. If a federal court determines that a case does not raise a substantial federal question, it must remand the case. 28 U.S.C. § 1447(c). . . .
>
> \*   \*   \*
>
> It is Plaintiff's position that the mention of these federal laws was not intended to advance a cause of action under 42 U.S.C. § 1983, but was simply to aid in the establishment of a duty for the purposes of the negligence claims. It was CHMA (sic), through their Motion to Dismiss, and not Plaintiffs, who have advanced the notion that Plaintiff was attempting to assert a private right of action under §1983. However, what is interesting to note is that should this Court determine that there exists no private right of action under the sections cited in the Complaint, then this Court must necessarily find that it is without subject matter jurisdiction to hear this case pursuant to 29 U.S.C. § 1331 and the holding in Merrell. Nevertheless, because Plaintiff has merely used the federal statutes as *partial* evidence of negligence, that fact alone is far from presenting a "substantial federal issue capable of invoking this Court with jurisdiction pursuant to § 1331.

*Id.* at 3-4 (emphasis in original) (parallel citations omitted).

CMHA opposed the motion to remand, contending that the negligence claims were actually "inferred [ ] federal claim[s] under Section 1983" because Wade was seeking attorney

fees – and those claims should be dismissed because the Sixth Circuit previously ruled that the LPPPA does not allow a private right of action. *ECF No. 9*, at 6-7 (citing *Johnson)*. CMHA also contended that the case presented a substantial federal question under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308 (2005), and that *Wade* was distinguishable from *Merrell Dow*. *See id*. at 7-14.

On April 9, 2009, after reviewing the motion to dismiss, the motion to remand and CMHA's opposition to the motion to remand, District Judge Gaughan issued a decision concluding that the Court lacked subject matter jurisdiction over the case. *ECF No. 10*. Judge Gaughan explained:

> In *Merrell Dow*, the Supreme Court addressed nearly the identical issue presented in this matter. There, the plaintiffs alleged that the misbranding of drugs in violation of the Food, Drug, and Cosmetic Act ("FDCA") created a rebuttable presumption of negligence and was the proximate cause of the injuries. The FDCA contained no private right of action. In holding that federal question jurisdiction did not lie, the Court held,
>
>> Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.... We simply conclude that the congressional determination that there should be no federal remedy for the violation of [a particular federal statute] is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.
>
> *Id*. at 814
>
> The facts of this case are nearly indistinguishable from *Merrell Dow*. Like the FDCA, the statutory provisions at issue here contain no private right of action. *Johnson v. City of Detroit*, 446 F.3d 614 (6th Cir. 2006). Because *Merrell Dow* clearly mandates that state tort claims based on violations of federal statutes containing no private right of action may not be removed, federal jurisdiction does not lie.

-4-

> Defendant relies on *Grable v, & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) for its position that jurisdiction lies over this case. In *Grable*, the Supreme Court addressed an exception to the rule announced in *Merrell Dow*. *Grable* involved a state law claim to quiet title. The issue in the case centered on whether the Internal Revenue Service gave proper notice of its intent to seize property. Although the IRS was not a named defendant, the Court concluded that a substantial federal question existed because the case hinged on the propriety of a federal agency's procedure.
>
> Defendant argues that this case is analogous to *Grable* because the defendant is a governmental agency. The Court disagrees for the simple reason that defendant is a state, not a federal, agency. Although defendant correctly points out that HUD, a federal agency, is involved in administering funding for housing, no federal interest is at stake in this litigation. This lawsuit does not involve any funding issues. The only arguably federal interest is the violation of the federal statutes alleged as support for the negligence and negligence per se claims. This, however, is the argument expressly rejected in *Merrell Dow*. In all, defendant fails to identify a substantial federal interest at stake and, accordingly, this Court lacks jurisdiction over this matter.

*Id.* at 3-4. She thus remanded the case to state court, without ruling on CMHA's motion to dismiss.

**B.    Davis, et al. v. Stevenson, et al., Case No. 1:09 CV 625 ("the *Davis* case")**

On February 17, 2009, Plaintiff Kathryn Davis ("Davis"), as parent and next friend to Kendrail L. Davis, filed the action pending before me in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV-09-684853. *ECF No. 1*-2.[3] The complaint alleges that Kendrail Davis has suffered serious injuries as a result of exposure to lead-based paint while residing in an apartment Davis rented from Defendants Rodney and Barbara Stevenson and Hallmark Management Associates, Inc. ("Hallmark"), owners of the premises. The complaint alleges the same state-law claims against Stewart and Hallmark as Lawrence Wade alleged

---

[3] All citations to the record in this section refer to Case No. 1:09 CV 625.

against the owners of his rental property in the *Wade* case. Likewise, the complaint alleges the same state-law claims against CMHA that Lawrence Wade alleged against CMHA in the *Wade* case. The negligence and negligence *per se* claims against CMHA in the instant case are premised on the violation of the same federal statues identified in the *Wade* case. *Id*. Finally, the attorneys representing Davis and CMHA in the instant case are the same attorneys who represented Wade and CMHA in the *Wade* case.

On March 23, 2009 (two weeks before *Wade* was remanded), CMHA removed the case to federal court on the same grounds it asserted in the *Wade* case. *ECF No. 1-3*. That is, the Court has original jurisdiction over the negligence claims against CMHA based on the presence of a substantial federal question, and supplemental jurisdiction over the state-law claims against the Stevensons and Hallmark. *Id*. at 2-3.

On April 16, 2009 (one weeks after *Wade* was remanded), Davis filed the pending Motion to Remand, noting that she has alleged the same negligence claims against CMHA, premised upon duties allegedly established by the same federal statutes, as were asserted in the *Wade* case. *ECF No. 5,* at 3-4. Davis seeks remand, arguing:

> It is Plaintiff's position that the mention of these federal laws was not intended to advance a cause of action under 42 U.S.C. 1983, but was simply to aid in the establishment of a duty for the purposes of the state law negligence claims.
>
>  . . . When the Wade Court visited the issue of jurisdiction, it relied upon CMHA's own argument in their Motion to Dismiss, that there is no federal private right of action under the federal statutes cited in Complaint.  see [Johnson]. The Wade Court then found that since there was no federal private right of action, the Merrell Dow decision was analogous and controlling, and accordingly, the Court did not have federal question jurisdiction.

*Id*.

On April 17, 2009, CMHA filed the pending Motion to Dismiss. *ECF No. 6*. CMHA acknowledges that Judge Gaughan remanded the *Wade* case, which CMHA recognizes is similar to the instant case, and argues, in pertinent part:

> In remanding the case, Judge Gaughan had occasion to rule upon the efficacy of the allegations in that (first amended) complaint. In her discussion of Counts II, VI and VII the Judge opined:
>> Defendant [CMHA] correctly argues in its Motion to Dismiss that none of the provisions relied on by plaintiff to support their state law claims contain a private right of action. . . .
>
> The other federal question that the judge did not rule on was the federal question of whether punitive damages lie against a political subdivision of a state. Thus, the matter in that case was returned to state court with two significant questions of federal law not ruled upon. If the matter is to be remanded to state court, CMHA avers that the questions of federal law should be decided by the Federal Court. Further that the Court should take jurisdiction over the significant state law question because that question likewise been decided by the Ohio Supreme Court.
>
> In *Moore v. Lorain Metropolitan Housing Authority*, the Ohio Supreme Court decided on March 25, 2009 that:
>> The operation of a public housing authority is a governmental function under R.C. 2744.01(C)(2) at Syllabus.
>
> Thus, the remand of the case is not the end of the matter and if the Court is inclined to remand[,] the federal issues should be dispensed with prior to remand.

*Id*. at 3.

On April 23, 2009, CMHA filed a Memorandum in Response to Plaintiffs' Motion to Remand. *ECF No. 7*. Therein, CMHA asserts that:

> In the Motion to Remand, Plaintiffs seemingly admitted that there is no private cause of action under the statute pled. . . .
>
> The plaintiffs do admit that the cited [federal] statutes do not contain a private right of action. Therefore, the statements made should be construed by this Court and any subsequent Court as a judicial admission. *Oscanyan v. Arms Company* 103 U.S. 261, 263 (1880); *Berlin v. Celotex* USCA 6th Cir. 1990 U.S.

-7-

> at LEXIS 15313 (1990). *See also Peckham Iron Company v. Harper* 41 Ohio St. 100 (1884).
>
> Thus, the remand order, it is respectfully requested, should contain an indication that no federal issues exist as the statute cited by the plaintiff do not contain an individual right to a cause of action. In fact, that one of the federal statutes cited by plaintiffs has been repealed. . . .

*Id.* at 3 (citations to the record omitted).

## II.

The Court finds, for the reasons sufficiently explained by District Judge Gaughan in the *Wade* case, that the complaint, which alleges state-law claims against individuals and a state agency, does not present a substantial federal question despite the mention of federal statutes within negligence claims. Accordingly, the Court concludes that it lacks original subject matter jurisdiction over the complaint, and removal was improper.

The Court declines CMHA's invitation to dismiss any of the claims in this case under Fed. R. Civ. P. 12(b)(6), in light of the fact that the Court lacks subject matter jurisdiction over them. The Court notes in passing that the state court is competent to adjudicate the claims and issues asserted in this case.

## III.

Accordingly, the Motion to Remand (**ECF No. 5**) is hereby **GRANTED**. The Clerk of Court is directed to **REMAND** the case to the Court of Common Pleas, Cuyahoga County, Ohio.

The Motion of Defendant Cuyahoga Metropolitan Housing Authority (Mis-sued as sic "Cleveland" Metropolitan Housing Authority) to Dismiss Plaintiffs' Complaint As To It (**ECF No. 6**) **SHALL REMAIN PENDING**.

**IT IS SO ORDERED.**

                 <u>*/s/Dan A. Polster  May 1, 2009*</u>
                 **Dan Aaron Polster**
                 **United States District Judge**